IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PRINCE BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-3278 |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Respondents. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Respondent's First Motion to Dismiss without prejudice for failure to exhaust state remedies (d/e 12), Petitioner's Motion to Take Judicial Notice (d/e 14), and Petitioner's Motion for Judgment on the Pleadings (d/e 18). For the reasons set forth below, the Respondent's Motion to Dismiss is ALLOWED. Petitioner's Motions are DENIED.

The Court first turns to the Respondent's Motion to Dismiss. The Respondent argues that Petitioner's Petition (d/e 1) for restoration of good time credits should be dismissed for failure to exhaust state court remedies. See 28 U.S.C. § 2254 (b)(1); McAtee v. Cowan, 250 F.3d 506 (7th Cir.

2001).  Petitioner began exhausting his state court remedies by filing a petition for state habeas relief in the Circuit Court of Cook County, Illinois, in May 2004.  On July 15, 2004, the Circuit Court denied Petitioner's petition.  Petitioner filed a timely notice of appeal in July 2004.  Petitioner attests that he has not yet heard anything from the Illinois Appellate Court. Petitioner argues that due to the Appellate Court's failure to respond to his appeal, "circumstances exist that render such process ineffective to protect" his constitutional rights.  See 28 U.S.C. § 2254 (b)(1)(B)(ii).  Petitioner, therefore, filed a Petition for habeas corpus in this Court on January 6, 2005.

The Respondent states that an appellate counsel was assigned to Petitioner's case, and Petitioner's appeal is currently pending before the Illinois Appellate Court.  The Respondent argues that, based on the above reasons, Petitioner's Petition should be dismissed for failure to exhaust state court remedies.  The Court agrees.  It is clear that Petitioner has failed to exhaust his state court remedies.  Furthermore, Petitioner has not shown good cause for the Court to stay his Petition while he exhausts his state court remedies.  Rhines v. Weber, 125 S.Ct. 1528, 1534-35 (2005). Therefore, Respondent's Motion is allowed; Petitioner's Motion for

Judgment on the Pleadings is denied, and Petitioner's Petition for habeas corpus is dismissed without prejudice for failure to exhaust his state court remedies.

Petitioner's Motion to Take Judicial Notice is denied as inappropriate. Petitioner asks the Court to take judicial notice of the facts underlying the Respondent's alleged deprivation of Petitioner's good time credits.  The Court finds that Petitioner's request to take judicial notice of such facts is inappropriate because "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  In the present case, the facts underlying the Respondent's alleged deprivation of Petitioner's good time credits are subject to reasonable dispute.  Thus, the motion is denied.

For the reasons set forth above, the Respondent's Motion to Dismiss (d/e 12) is allowed without prejudice to Petitioner's right to refile his petition when he has exhausted his state court remedies.  Petitioner's Motion to Take Judicial Notice (d/e 14) and his Motion for Judgment on the Pleadings (d/e 18) are denied.

IT IS THEREFORE SO ORDERED.

ENTER: January 4, 2006.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE